UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23358-BLOOM/Reid

COREY ANTHONY SMITH,

    Plaintiff,
v.

IMMIGRATION CUSTOM
ENFORCEMENT; *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff Corey Anthony Smith filed a *pro se* pleading styled as a "Notice of Mass Gathering," "Motion to Dismiss Complaint for Failure to State a Claim," "Alleged Civil Rights Violations," and "[Motion for] Attorney Fees." *See* ECF No. [1] (hereinafter the "Complaint"). The Complaint was docketed as a civil rights action pursuant to 42 U.S.C. sections 1983 and 1985. The case was assigned to Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2 for a Report and Recommendation on any dispositive matters. *See* ECF No. [2].

On August 17, 2020, Judge Reid entered an Order to Amend, ECF No. [6]. The Order to Amend identified the Complaint as an impermissible shotgun pleading and required Plaintiff to submit an amended complaint on or before September 7, 2020. The Court notes the Order to Amend incorrectly cites to nonexistent Federal Rule of Civil Procedure 2(b) to support the premise Plaintiff "must specify all the grounds for relief available to the moving party, state the facts supporting each ground for relief, and be signed under penalty of perjury by the Plaintiff or by a person authorized to sign it for him." ECF No. [6] at 2. The Court assumes the Order is referring

Case No. 1:20-cv-23358-BLOOM/Reid

to Rule 2(c) of the Rules Governing Section 2255 and 2254 cases, which are not applicable here.

Nevertheless, the Court agrees the Complaint is subject to dismissal because it does not state a claim for relief. To do so, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a) (alteration added). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Here, the Complaint fails to meet the foregoing standards even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), because it is a shotgun pleading. There are four types of "shotgun pleadings" that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Case No. 1:20-cv-23358-BLOOM/Reid

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted).

Plaintiff's Complaint appears to combine claims regarding (1) crowding at Plaintiff's detention center, (2) privacy violations, (3) violations of the Fourth Amendment, and (4) violations of property rights, with a motion to *dismiss* what the Court assumes is a separate complaint against Plaintiff. *See* ECF No. [1] at 1–4. Moreover, the Complaint does not contain separate counts, but a laundry list of statutes and case law not readily connecting specific facts underlying Plaintiff's case. Thus, Plaintiff's Complaint may be characterized as the second or third type of shotgun pleading. "While *pro se* briefs are generally held to a less stringent standard than those submitted by counsel," the Court cannot do Plaintiff's job for him. *Jones v. N.L.R.B.*, 675 F. App'x 923, 925 (11th Cir. 2017) (citation omitted). Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Corey Anthony Smith's Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **October 19, 2020** to file an amended complaint providing factual allegations supporting his claims for civil rights violations. The amended complaint should address Plaintiff's claims only and **should not** be combined with a motion to dismiss any other action.

Case No. 1:20-cv-23358-BLOOM/Reid

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 17, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Corey Anthony Smith
055553074
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov